Our attention has been called to some inaccuracies of statement, not important here but which might be important in future litigation, if any, and which should therefore be corrected. *Page 423 
1. The lease on the Superior street property expires on September 30, 1942. At the time of trial the lease still had a few years to run, now it has only a few months.
2. While the successor trustee under the will of Frederick Hencke, the father of decedent, took a 495/1000 interest in the Superior street property, we did not determine anything with respect to the duration of that interest or the disposition thereof upon the termination of the trust. Those questions were not involved on this appeal, and their adjudication can be made only in future litigation, if any.
3. Exception is taken to our statement that the so-called spendthrift trust provision was to the effect that no beneficiary under the will should sell, assign, pledge, transfer, or subject to liability either the principal or income of the trust estate. The will provides that the interest of no beneficiary shall be subject to such a disposition or liability.
4. Our attention has been called to the fact that the probate court held in accordance with the contention here of Harriet's personal representative that a distribution of the estate should be made to those ultimately entitled thereto without the intervention of a trustee. The district court affirmed without mentioning this provision of the order of the probate court. But the fact remains that, since the appellants have assigned no error with respect to the matter, respondents are not entitled to any decision here as to the propriety of the probate court's order or the effect of the district court's order affirming that of the probate court.
The corrections mentioned are noted.
The petition for reargument is denied. *Page 424